x

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RONY GEORGE,

        Petitioner,

    v.

WILLIAM BARR, United States Attorney General,

        Respondent.

20-CV-6204
DECISION & ORDER

---

The petitioner, Rony George,[1] is a civil immigration detainee currently held under 8 U.S.C. § 1231(a) at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York.  On April 2, 2020, George filed a petition seeking habeas corpus relief under 28 U.S.C. § 2241.  Docket Item 1.  On May 8, 2020, George amended his petition.  Docket Item 12.  He claims that his continued detention without a bond hearing violates his right to procedural Due Process.  *Id.*[2]

The respondents filed a response to the amended petition on June 5, 2020.  Docket Item 24.  George did not reply, and the time to do so has expired.  For the

---

[1] It is unclear from the record whether the petitioner's name is "George Rony" or "Rony George."  Because the petitioner's amended petition refers to him as "Rony George," this Court will do the same.

[2] George also asserted in his amended petition that his continued detention during the COVID-19 pandemic violated his right to Due Process.  *See* Docket Item 12 at 36-37.  This Court, however, dismissed those claims on June 10, 2020.  Docket Item 25 (dismissing first and second claims of amended petition).

reasons that follow, this Court dismisses George's prolonged-detention claims without prejudice.

## DISCUSSION

George's amended petition alleged that he had been detained under 8 U.S.C. § 1226 for more than two years and contended that such detention was unduly prolonged. Docket Item 12 at 29-31. His petition argued that even though a final order of removal had been entered—which typically would mean that he was detained under § 1231, not §1226—he remained detained under § 1226 because he had a petition for review ("PFR") and a motion for a stay of removal pending before the Second Circuit. *Id.* at 29.

The Department of Homeland Security ("DHS") and the Second Circuit have entered into a forbearance agreement under which "DHS will not remove an alien who has a pending PFR unless DHS gives the Second Circuit 21 days' notice." *Id.* This Court previously held that "for all practical purposes, the forbearance agreement amounts to a 'court order[ed] stay of the removal of the alien.'" *Sankara v. Whitaker*, No. 18-CV-1066, 2019 WL 266462, at *4 (W.D.N.Y. Jan. 18, 2019) (quoting *Hechavarria v. Sessions*, 891 F.3d 49, 57 (2d Cir. 2018), *as amended* (May 22, 2018)). Thus, this Court agrees with George that an alien's removal period—during which the alien is detained under § 1231—does not begin until the Second Circuit has dismissed the PFR. *See id.* at *5.

On the same day that George amended his petition, however, the Second Circuit dismissed his PFR. Docket Item 24-3 at 3. Thus, his claim that his detention *under § 1226* has been unduly prolonged is now moot. As of May 8, 2020, George's detention

2

has been under § 1231, and the Court must evaluate its reasonableness under that statute.

In *Zadvydas v. Davis*, 553 U.S. 678 (2001), the Supreme Court held that detention of an alien for up to six months under § 1231 is "presumptively reasonable." *Id.* at 701.  "After this 6-month period," the Court explained, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the [g]overnment must respond with evidence sufficient to rebut that showing." *Id.*

Here, George has been detained under § 1231 for approximately three months—less than the presumptively-reasonable six-month period.  Thus, his claim that his detention under § 1231 has been unduly prolonged is premature under *Zadvydas*.  See *Ousman D. v. Decker*, No. CV 20-2292 (JMV), 2020 WL 1847704, at *7 (D.N.J. Apr. 13, 2020) ("As for Petitioner's argument that his likelihood of removal is unforeseeable, his argument is premature as he has not yet met the six-month period of detention[ ] that would trigger this inquiry under *Zadvydas*.");  *Frederick v. Feeley*, No. 19-CV-6090-FPG, 2019 WL 1959485, at *4 (W.D.N.Y. May 2, 2019) (dismissing petition as premature when the petitioner "ha[d] not been detained beyond the presumptively reasonable period of detention").

Accordingly, this Court dismisses George's prolonged-detention claims as premature.  This dismissal is without prejudice to George's refiling his petition after his detention under § 1231 has lasted longer than six months if he can "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  See *Zadvydas*, 533 U.S. at 701.

**ORDER**

For the reasons explained above, claims three and four of George's amended petition, Docket Item 12, are DISMISSED without prejudice.[3]  The Clerk of Court shall enter judgment and close this case.

SO ORDERED.

Dated:   August 11, 2020
         Buffalo, New York

/s/ *Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

---

[3] As explained above, *see supra* note 2, this Court previously dismissed claims one and two of George's petition.